IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY SQUARE, #1629427,<br>　　　　　　Petitioner, | §<br>§<br>§ | |
| v. | § | 3:12-CV-2202-B-BK |
| | § | |
| RICK THALER, Director, TDCJ-CID,<br>　　　　　　Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

Petitioner, a state prisoner, filed a *pro se* federal habeas corpus petition, under 28 U.S.C. § 2254, challenging an unspecified conviction. (Doc. 3). On July 12, 2012, the Court issued a deficiency order, directing Petitioner to submit a properly completed petition and a motion to proceed *in forma pauperis,* with certificate of inmate trust account. Because his July 31, 2012, filings were again incomplete, the Court issued a second deficiency order, on August 6, 2012, requiring Petitioner to complete in its entirety and submit a new habeas petition and *in forma pauperis* application. (Doc. 7). The order advised Petitioner that absent the name of the court (district and county) that entered the underlying judgment of conviction, this Court could not determine whether it had jurisdiction over his petition. *Id.* The deadline for Petitioner's response was September 4, 2012. As of the date of this recommendation, Petitioner has not

complied with the Court's deficiency order, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency orders. He has impliedly refused or declined to do so. Therefore, this habeas corpus action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] Absent a complete habeas corpus petition, it is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for want of prosecution and that the motion to proceed *in forma pauperis* (Doc. 6) be **DENIED** as moot.

**SIGNED** September 17, 2012,

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE